IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DORCAS GIWA, § | |
| *Plaintiff*, § | |
| VS. § | CIVIL ACTION NO. 4:23-cv-01451 |
| § | |
| STATE FARM LLOYDS, § | |
| *Defendant*. § | |
| § | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant State Farm Lloyds's ("State Farm") Motion for Summary Judgment. (Doc. No. 20). Plaintiff Dorcas Giwa ("Plaintiff") filed a Response, (Doc. No. 23), and State Farm replied. (Doc. No. 25). Considering the motions and applicable law, the Court hereby **DENIES** the Motion for Summary Judgment. (Doc. No. 20).

### I.   Background

The facts of this case are straightforward and largely undisputed. In March of 2020, Plaintiff flew to Lagos, Nigeria to visit family. (Doc. No. 23 at 2). While she was in Africa, the Covid-19 shutdown in the United States began and, apparently due to the travel restrictions, she was unable to return home to Harris, County for over a year. (*Id.*). As a result, as Winter Storm Uri approached in February 2021, Plaintiff asked her three adult children—including her son, Kay Giwa—to take care of her home in her absence. (*Id.* at 3). The night before the Winter Storm was to hit Houston, Plaintiff's son wrapped the pipes, opened all the cabinet doors, drained the faucets, and turned off the main water line connected to the house. (*Id.*). Additionally, however, Plaintiff's son turned the main heating system off because "[i]t was warm in the house," and he was trying to "follow the local city guidelines." (Doc. No. 23-1 at 28).

After the first day of the storm, Plaintiff's children observed no damage to the home but noted that the power had gone out. (*Id.* at 10). They continued to check on the house every day throughout the duration of the freeze. (*Id.*). On the fourth day of the storm, the children noticed that the power was back on, but there was water coming from the ceiling. (*Id.* at 31). According to Plaintiff, on or about February 20, 2021, Plaintiff's home sustained significant damage after her pipes froze and burst. (Doc. No. 20 at 2).

Plaintiff then filed a claim with State Farm, who denied the claim under a freeze-damage exclusion. (Doc. No. 23-3). The policy language states:

> **"SECTION I – LOSSES NOT INSURED**
>
> **1. We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below...:
> \*\*\*
> b. freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system, or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing. This does not apply if **you** have used reasonable care to:
> >  (1) maintain heat in the **building structure** at 55 degrees Fahrenheit or higher; or
> >  (2) shut off the water supply and drain the system and appliances of water."[21]

(Doc. No. 20-1). State Farm denied the claim because "the thermostat to the residence was in the OFF position before the event occurred and was still in the OFF position when [Plaintiff's son] returned to the residence after the event." (Doc. No. 23-3). Plaintiff's son, Kay Giwa, attempted to appeal this decision, but the State Farm representative informed him that he was "unaware of any appeals process." (Doc. No. 23-1 at 59). On February 23, 2023, Plaintiff sued State Farm in the 190th District Court for Harris County, Texas, and Defendant removed the case to this Court. (Doc. No. 1-1; 1-2).

2

State Farm moved for summary judgment on the freeze-damage exclusion purportedly based on undisputed facts. (Doc. No. 20). State Farm argues that the language in Section 1(b)(1) precludes any coverage of Plaintiff's damages because her son did not use reasonable care to maintain the temperature at 55 degrees or drain the appliances. (*Id.* at 5). According to State Farm, Kay Giwa's actions—namely, turning the heater off with an impending freeze and not draining the appliances—were unreasonable as a matter of law, triggering the exclusion. (*Id.* at 8). Finally, unless policy coverage is established, State Farm argues that Plaintiff's extra-contractual claims must fail under Texas law. (*Id.* at 12–15).

In response, Plaintiff argues that a fact issue exists regarding the reasonableness of Plaintiff's children in taking care of the home prior to the storm. (Doc. No. 23 at 5). Plaintiff argues that because her children took several affirmative steps to protect the property during the storm, their conduct was reasonable under the circumstances. (*Id.*). Since the Policy does not define "reasonable care," Plaintiff argues, "the question of whether a party satisfied a contractually imposed duty to use reasonable care is answered by referring to ordinary principles of negligence." (*Id.* at 9). As such, the fact that Plaintiff's children made substantial efforts to protect the property, their conduct cannot be unreasonable as a matter of law. (*Id.* at 11).

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

3

Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The nonmovant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

The question before this Court is whether the decision to turn off the heater in Plaintiff's home before Winter Storm Uri was unreasonable under the circumstances as a matter of law, as is required to trigger the Policy's freeze-damage exclusion. As the Court finds that State Farm has failed to establish that Kay Giwa's actions were unreasonable as a matter of law, the Court **DENIES** Defendant's Motion for Summary Judgment. (Doc. No. 20).

To start, Plaintiff argues that State Farm failed to carry its initial burden at summary judgment because it did not attach any evidence that the damage claimed by Plaintiff was caused by the freeze. (Doc. No. 23 at 6). State Farm points to both the Complaint and Plaintiff's insurance claim, both of which alleged that the damage was caused by the frozen pipes. (Doc. No. 25-1 at

3). As such, the Court finds that State Farm has sufficiently shown, and the Plaintiff has judicially admitted, that the damage was caused by frozen pipes, and that the Policy required Plaintiff or her assignee to take certain steps to avoid the application of the exclusion clause. At this stage, however, establishing solely that the exclusion provision might apply is insufficient for State Farm to prevail.[1] Consequently, the Court must look at whether there is a fact issue regarding Plaintiff's compliance with the Policy.

Whether conduct amounts to a failure to exercise reasonable care is generally a fact question for the factfinder to resolve. *In re Molina*, 575 S.W.3d 76, 81 (Tex. App.—Dallas 2019, orig. proceeding [mand. denied]). While the question of reasonable care is a deeply fact-intensive question, there are certain elements that courts have long recognized. In a different context, the Supreme Court of Texas stated that reasonable care is "measured by what a reasonably prudent person would anticipate as resulting from a particular condition." *Union Pac. R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex. 2002) (citing *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 117–18 (1963)). Additionally, an "essential ingredient" is whether an actor would have "reasonably foreseen the harm." *Id.*

To support its contention, State Farm relies almost exclusively on Kay Giwa's testimony conceding that he did turn the heater off the day before the winter storm struck. (Doc. No. 20 at 6–11). At this stage of the case, the Court must take all disputed facts and inferences in favor of the nonmovant. *Triple Tee Golf, Inc.*, 485 F.3d at 261. Giwa also testified in his deposition that he wrapped the pipes, opened the cabinets, and drained the faucets. (Doc. No. 23-1 at 25–27). In

---

[1] Determining whether an insurance policy exclusion provision applies in a motion for summary judgment posture presents an interesting convergence of procedural burdens. Typically, the nonmovant has the burden of raising a fact issue under *Celotex Corp.* 477 U.S. at 322–25. With policy exclusions, however, the insurer bears the burden of proving their applicability. *Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Puget Plastics Corp.*, 532 F.3d 398, 404 (5th Cir. 2008). Thus, State Farm has the burden to establish that the exclusion applies as a matter of law.

addition, he stated that he turned off the heater because "the house was warm" and because local news had asked residents to do so considering the strain the storm would put on the power grid. (Doc. No. 23-1 at 70–72). Moreover, the Plaintiff's children checked on the house daily, and it was only the fourth day that the problem occurred. Based on these facts, the Court holds hold that a reasonable jury could conclude Kay Giwa's efforts did comport with the Policy's requirements.

This is especially true since both parties acknowledge that the extent of Winter Storm Uri was likely outside the realm reasonably foreseeable at the time Giwa was winterizing the house. There is evidence that each of the Dorcas children visited the home over the course of several days to ensure that it was safe and warm, and a reasonable jury could conclude that they had complied with the Policy requirements. (Doc. No. 23-1 at 30–31). Depending on how warm the home was at the time, it could well have been the case that he turned the heater off reasonably expecting the home to maintain the required temperature. Finally, the fact that the problem did not become evident until almost four days after the house had been without power leads the Court to find that a jury could view Giwa's actions as reasonable, and sufficient, attempts to maintain the house's "warm" temperature. Conversely, a jury could find Kay Giwa's act of turning off the heater to be unreasonable, but this Court cannot say so as a matter of law.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** State Farm's Motion for Summary Judgment. (Doc. No. 20).

Signed this 21st day of February, 2025.

Andrew S. Hanen
United States District Judge